UNITED STATES of America, Appellee,

v.

**Johnny Leroy BRADIN, Appellant.**

No. 75–1806.

United States Court of Appeals,
Eighth Circuit.

Submitted Feb. 12, 1976.

Decided May 17, 1976.

R. Thomas Day, Thomas M. Bradshaw, Asst. Federal Public Defenders, Kansas City, Mo., for appellant.

J. Whitfield Moody, Asst. U. S. Atty., Bert C. Hurn, U. S. Atty., and Albert D. Hoppe, Asst. U. S. Atty., Kansas City, Mo., for appellee.

Before BRIGHT and HENLEY, Circuit Judges, and REGAN, District Judge.[*]

REGAN, District Judge.

Upon his change of plea from not guilty to guilty of the offense of aggravated bank robbery in violation of §§ 2113(a) and (d), 18 U.S.C., defendant was committed to the custody of the Attorney General on July 10, 1975, for a 90-day study pursuant to the provisions of § 4208(b), 18 U.S.C. When he was returned on October 20, 1975, defendant orally requested leave to withdraw his plea of guilty and re-enter a plea of not guilty. The motion was denied, following which defendant was sentenced to a term of 15 years' imprisonment under the provisions of § 4208(a)(2), 18 U.S.C. This appeal followed. We affirm.

◼ A preliminary question is whether defendant's motion to withdraw his plea of guilty was made "before sentence [was] imposed" within the meaning of Rule 32(d) of the Federal Rules of Criminal Procedure. If so, the rule to be applied is that a presentence withdrawal motion should be granted whenever such would be "fair and just," whereas a post-sentence withdrawal motion is permitted only to "correct manifest injustice."[1] We need not rule this issue, having concluded that under either standard the district court did not err in denying the withdrawal motion.

◼ The sole issue presented on appeal is whether there was a factual basis for the guilty plea; that is, whether Rule 11 as it read prior to the effective date of its 1975 amendment was fully complied with. The point is raised for the first time on appeal. It is our duty, however, to review compliance with Rule 11 without regard to whether it was presented to the trial court. *United States v. Untiedt,* 479 F.2d 1265 (8th Cir. 1973); *United States v. Briscoe,* 428 F.2d 954 (8th Cir. 1970).

To the extent here relevant, Rule 11 then provided that the Court shall not enter a judgment on a plea of guilty unless it is satisfied there is a factual basis for the plea. There is no contention that Rule 11 was not fully complied with in any respect other than the requirement that the Court be satisfied prior to entry of judgment as to the factual basis for the plea. What the defendant argues is that the inquiries by the Court did not suffice to provide a factual basis for his guilty plea prior to the acceptance thereof.

However, when interrogated by the Court as to the nature of the offense to which he was pleading guilty, defendant (a high school graduate with two years' college work) stated that it was bank robbery with the use of a deadly weapon. Earlier in the Rule 11 interrogation defendant had

---

[*] The Honorable John K. Regan, United States District Judge, Eastern District of Missouri, sitting by designation.

1. The District of Columbia and Ninth Circuits have held that for purposes of Rule 32(d), a motion filed after a § 4208(b) sentencing but prior to final sentencing is to be judged under the "fair and just" standard. *United States v. Barker,* 168 U.S.App.D.C. 312, 514 F.2d 208, 218–219, *cert. denied,* 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975); *United States v. Thomas,* 415 F.2d 1216, 1218 (9th Cir. 1969); *Sherman v. United States,* 383 F.2d 837, 840 (9th Cir. 1967).

volunteered a comment concerning "the injuries I received during this robbery." And counsel for defendant (the same counsel who still represents defendant on this appeal) informed the Court in the presence of defendant that based on the information he had secured from defendant and elsewhere, defendant was in fact guilty of the offense for which he was indicted, counsel adding "[t]hat this was a case in which defendant never denied his involvement in the offense. The only question was his [mental] responsibility at the time of the offense."[2]

■ Granted that the record made at the time defendant's plea was accepted might well have been expanded, it is our view that it suffices to demonstrate compliance with Rule 11. *United States v. Cody,* 438 F.2d 287 (8th Cir. 1970), which is relied on by defendant, is inapposite. What was there held was simply that the mere fact of itself that the indictment was read to the defendant at the time his plea was taken "falls far short of demonstrating any factual basis for the defendant's plea."

■ The portion of Rule 11 here involved, namely, that the Court may not enter judgment upon the plea unless it is satisfied there is a factual basis therefor, presupposes a prior, albeit tentative, acceptance of the plea by the Court. It speaks in terms of *judgment.* In *Cody,* this Court specifically noted, citing *McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), that one method of determining that a factual basis exists for the plea is examining the presentence report. Such reports, of course, are not normally available to the Court prior to acceptance of a plea. Rule 32(c)(1), Federal Rules of Criminal Procedure.

The record in the present case discloses that the presentence report was submitted to and examined by the sentencing judge prior to the imposition of sentence. That report, which sets forth both the official and the defendant's version of the offense

he committed, adequately provided the Court with a factual basis for the guilty plea before sentence was imposed. We add that in response to a direct question by the Court during the Rule 11 interrogation, defendant expressly admitted that he was in fact guilty of robbery with a deadly weapon.

The order appealed from is affirmed.

---

2. It is clear from defendant's statements at the time of his final sentencing that his oral motion to withdraw the plea of guilty was precipitated not by any question relating to the existence of a factual basis for the plea, but by defendant's belief that the sentence recommended by the Bureau of Prisons following the § 4208(b) study was too severe.