920 F.2d 934
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Virgil S. WILLIAMS, Defendant-Appellant.
 No. 90-3357.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1990.
 
 Before KEITH and BOGGS, Circuit Judges, and CONTIE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Virgil S. Williams ("Williams") appeals the district court's denial of his motion to modify or withdraw his guilty plea. For the following reasons, we affirm the district court's sentencing determination.
 
 I.
 
 2
 On June 13, 1989, a grand jury returned a three-count indictment against defendant-appellant Williams. Count I charged Williams with possession with intent to distribute 20.97 grams of cocaine base (crack), in violation of 21 U.S.C. Secs. 841(a)(1) and 841(b)(1)(B). Count II charged Williams with maintaining an apartment to manufacture cocaine base, in violation of 21 U.S.C. Sec. 856. Count III charged Williams with possessing a firearm after having been previously convicted of a felony, in violation of 18 U.S.C. Secs. 922(g) and 924(a)(2). Pursuant to 21 U.S.C. Sec. 853, the United States also sought the forfeiture of $1,065 in currency and a 1987 Suzuki Samurai vehicle.
 
 
 3
 On October 10, 1989, following an evidentiary hearing, the district court denied Williams' motion to suppress statements made to law enforcement officers and evidence found in Williams' car and apartment. After noting that Williams was a high school graduate with a lengthy criminal record and extensive experience with the criminal justice system, the district court determined that Williams had knowingly and intelligently waived his constitutional rights prior to making incriminating statements to law enforcement officers.
 
 
 4
 Williams pled guilty on November 1, 1989, just as the jury was to be impanelled; three out-of-state government witnesses had already arrived in Cleveland, and at least five law enforcement officers had arrived at, or were en route to, the courthouse. Williams pled guilty to Count I of the indictment (charging him with knowingly and intentionally possessing with intent to distribute approximately 20.97 grams of cocaine base) as part of a plea agreement which provided, inter alia, that the government would dismiss Counts II and III of the indictment and would recommend that the district court impose a sentence at the bottom of the sentencing guideline range at offense level 30.
 
 
 5
 After the district court advised Williams of his constitutional rights at the time of his plea, Williams waived those rights. Williams further indicated that no promises or threats had been made to induce him to plead guilty.
 
 
 6
 On February 6, 1990, Williams filed a motion to withdraw or modify his guilty plea on the grounds that the plea had not been knowingly and voluntarily made. Williams filed this motion only three days prior to his scheduled sentencing, and more than three months after he had entered the plea agreement. Specifically, Williams sought to withdraw or modify his guilty plea because the "plea was not knowingly and voluntarily entered in that at the time of said plea he was anxious, confused and frightened and did not fully understand or appreciate the consequences of his plea." Williams' Motion to Withdraw or Modify Plea of Guilty at 3. Williams' motion did not assert innocence as a ground for vacating the plea. Instead, Williams asked the district court to: (1) allow him to enter a conditional plea so that he could appeal the suppression ruling; or (2) vacate the plea agreement in its entirety.
 
 
 7
 In response, the government asserted that Williams' education and extensive experience with the criminal justice system (including Williams' guilty pleas to two drug offenses in state court on September 12, 1989) belied any contention that Williams did not understand the consequences of his plea. On March 20, 1990, the district court judge entered his order denying Williams' motion to withdraw or modify his guilty plea. Thereafter, on April 6, 1990, the district court judge, in accordance with the plea agreement, fined Williams $50 and sentenced him to serve 168 months in prison (to be followed by five years of supervised release).[1]
 
 
 8
 Williams filed a premature notice of appeal on March 29, 1990, which this court dismissed for lack of jurisdiction on April 5, 1990. Williams thereafter filed a timely notice of appeal on April 13, 1990.
 
 II.
 
 9
 Williams claims that he did not enter his guilty plea "knowingly and voluntarily" because he was "anxious, confused and frightened and did not fully understand or appreciate the consequences of his plea," adding that the plea "was made with very little time for introspection and thought."
 
 Standard of Review
 
 10
 Pursuant to the Federal Rules of Criminal Procedure, a court "may permit withdrawal of the [guilty or nolo contendere] plea upon a showing by the defendant of any fair and just reason." United States v. Stephens, 906 F.2d 251, 252 (6th Cir.1990) (quoting Fed.R.Crim.P. 32(d)). The decision whether to allow a defendant to withdraw his guilty plea is within the discretion of the district court; accordingly, we will reverse only for an abuse of discretion. United States v. Goldberg, 862 F.2d 101, 103 (6th Cir.1988); see also United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987) (permission to withdraw a guilty plea prior to sentencing is a matter within the broad discretion of the district court, not an absolute right). A defendant bears the burden of proving that withdrawal from a plea is justified. United States v. Stephens, 906 F.2d at 252 (citing United States v. Hurtado, 846 F.2d 995, 997 (5th Cir.), cert. denied, 488 U.S. 863 (1988)).
 
 
 11
 This court has enumerated a number of factors that a district court may consider when evaluating whether a defendant has established, pursuant to Fed.R.Crim.P. 32, a "fair and just reason" to withdraw his guilty plea: (1) whether the movant asserted a defense or has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the guilty plea, the nature and the background of a defendant, and whether the defendant has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted. United States v. Goldberg, 862 F.2d at 103-04; United States v. Spencer, 836 F.2d at 238-40.
 
 Assertion of Innocence
 
 12
 In United States v. Triplett, 828 F.2d 1195 (6th Cir.1987), this court held that when "determining whether there is a fair and just reason to grant a motion to withdraw a plea," id. at 1197, "[t]he court should consider whether the movant asserted a defense or whether he has consistently maintained his innocence, as well as the reasons that a stated defense was not raised at an earlier time." Id. (citations omitted); see also United States v. Spencer, 836 F.2d at 239 (A court must consider "whether the defendant has asserted and maintained his innocence.").
 
 
 13
 Williams does not argue innocence in the instant action. Instead, he merely argues that he should have been permitted to enter a conditional plea of guilty to Count I of the indictment while reserving his right to appeal the district court's denial of his motion to suppress:
 
 
 14
 This defendant now asks this Court to vacate his previously entered plea of guilty to Count I of the indictment because said plea was not knowingly and voluntarily entered in that at the time of said plea he was anxious, confused and frightened and did not fully understand or appreciate the consequences of his plea. Defendant says further that it was and remains his earnest desire to appeal the aforementioned ruling of the court in denying his motion to suppress.
 
 
 15
 Defendant, therefore, moves this Honorable Court to vacate the plea of guilty and allow him to proceed to trial on the indictment so that, in the event of a conviction, he may appeal the court's ruling, or, in the alternative, to vacate his plea to allow him to enter a conditional plea of guilty to Count I under the otherwise same terms as his previous plea of guilty was entered. Such conditional plea being intended to reserve his right to appeal the court's ruling on his motion to suppress as provided in [Fed.R.Crim.P.] Rule 11(a)(2).
 
 
 16
 Williams' Motion to Withdraw or Modify Plea of Guilty at 3-4. Furthermore, Williams admitted, at the time that he entered his guilty plea, that he had committed the crime charged in Count I of the indictment:
 
 
 17
 THE COURT: Mr. Williams, on or about May the 12th, 1989 in the Northern District of Ohio, Eastern Division, you knowingly and intentionally possessed with intent to distribute approximately 20.97 grams of a mixture or substance containing a detectable amount of cocaine base crack, a Schedule II narcotic drug controlled substance in violation of Title 21, Sections 841(a)(1) and 841(b)(1)(B) of the United States Code.
 
 
 18
 Did you commit the offense charged in the first count of the indictment?
 
 
 19
 THE DEFENDANT: Yes.
 
 
 20
 THE COURT: The Court will make the finding that he committed this offense charged in the first count of the indictment. What is your plea?
 
 
 21
 THE DEFENDANT: Guilty.
 
 
 22
 Williams clearly did not assert or maintain his innocence during the district court's proceedings.
 
 Length of Delay
 
 23
 As this court has previously held,
 
 
 24
 [i]t is also appropriate to consider the length of time between the entrance of the plea and the motion to withdraw. The shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time.
 
 
 25
 United States v. Triplett, 828 F.2d at 1197 (citation omitted). In United States v. Carr, 740 F.2d 339 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985), the Fifth Circuit held:
 
 
 26
 [W]e find that the motion was not promptly filed. The defendant waited twenty-two days before filing his motion for withdrawal of his guilty plea--only three days before sentencing. The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.
 
 
 27
 Id. at 345 (citing Everett v. United States, 336 F.2d 979, 984 (D.C.Cir.1964)).
 
 
 28
 Williams waited more than three months (November 1, 1989 to February 6, 1990) to assert his claim that he did not understand the plea because he was "anxious and confused." Moreover, Williams' motion was not filed until just a few days before sentencing. Under these circumstances, Williams' claim that he did not understand the proceedings is clearly suspect. See United States v. Triplett, 828 F.2d at 1198 ("[G]iven the length of time which passed between the entrance of his plea and his motion to withdraw--eighty-four days--it cannot be said that defendant had a 'swift change of heart.' " (citation omitted)).
 
 Reason For The Delay
 
 29
 The district court may also consider the reason why the grounds for withdrawal of a guilty plea were not presented to the court at an earlier point in the proceedings. United States v. Spencer, 836 F.2d at 239 (citing United States v. Needles, 472 F.2d 652, 656-59 (2d Cir.1973)). In Needles, a motion to withdraw a guilty plea was based upon factual errors in the pre-sentence report which did not exist prior to the guilty plea. Conversely, "where a defendant is aware of the condition or reason for a plea withdrawal at the time the guilty plea is entered, a case for withdrawal is weaker." United States v. Spencer, 836 F.2d at 239 (citing United States v. Usher, 703 F.2d 956 (6th Cir.1983)).
 
 
 30
 In the instant action, Williams offered no reason why his motion to modify or withdraw his guilty plea was not presented earlier. Williams pled guilty on November 1, 1989, and his pre-sentence report (initially prepared on January 4, 1990) reflected the precise sentence anticipated at the time of Williams' plea (168 months). Simply stated, Williams had weeks to consider the consequences of his plea. Moreover, the alleged reason for Williams' motion to modify or withdraw his guilty plea ("anxious, confused and frightened" and not fully able to understand or appreciate the consequences of his plea) certainly would have been known to Williams within days of his guilty plea.
 
 
 31
 Circumstances of Plea--Williams' Background
 
 
 32
 A district court may consider the circumstances underlying the entry of a guilty plea, the nature and background of the defendant, and whether the defendant has admitted guilt. United States v. Spencer, 836 F.2d at 239-40 (citing United States v. Saft, 558 F.2d 1073 (2d Cir.1977); United States v. Bradin, 535 F.2d 1039 (8th Cir.1976)).
 
 
 33
 In United States v. Kirkland, this court noted:
 
 
 34
 [T]he defendant is not a novice to the criminal law. Defendant has previously committed seven felonies and has been returned on four of them as a parole violator. He is knowledgeable and shrewd. This attempt to avoid his agreement cannot be viewed as other than a dilatory tactic or strategy to attempt to obtain an even better deal.
 
 
 35
 578 F.2d 170, 171-72 (6th Cir.1978). See also United States v. Usher, 703 F.2d at 958 ("Appellant was familiar with the criminal justice system," and had bargained, with counsel, for the government's plea agreement concessions. (citation omitted)).
 
 
 36
 Virgil Williams' familiarity with the criminal justice system is similarly replete: he has numerous prior felony convictions; he has violated parole; and, he pled guilty to drug charges in state court approximately six weeks prior to his plea in the instant action. The circumstances of Williams' plea, and his subsequent request to change the plea to a conditional plea, suggest that Williams merely attempted to negotiate a more favorable deal. Under these circumstances, there was no just reason to modify or withdraw Williams' guilty plea.
 
 Potential Prejudice
 This court has previously held that:
 
 37
 [A]lthough the government is not required to establish prejudice that would result from a plea withdrawal unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal, the district court may consider potential prejudice in exercising its discretion in considering the motion.
 
 
 38
 United States v. Spencer, 836 F.2d at 240. See also United States v. Triplett, 828 F.2d at 1198 ("[S]ince we found that defendant has failed to come forward with a sufficient reason for granting his motion, it is unnecessary for us to review the district court's finding that the government would have been prejudiced had this motion been granted.").
 
 
 39
 The government was prepared to proceed to trial against Williams in the instant action. Government witnesses had travelled from out of state (at government expense) for the trial, law enforcement officers were at (or en route to) the courthouse, and the jury was seated when Williams entered his guilty plea. Allowing Williams to modify or withdraw his guilty plea clearly would have prejudiced the government.
 
 Voluntariness
 The appellant argues that:
 
 40
 A review of the transcript of the change of plea taken on November 1, 1989 reveals that very little was done to ensure that the Appellant understood the effects of changing his previously entered plea of Not Guilty to a plea of Guilty. The record is almost entirely devoid of sufficient exchange between Appellant and the Court to allow the Court to determine that the Appellant's plea, when made, was done so knowingly and voluntarily.
 
 
 41
 Appellant's Brief at 6.
 
 
 42
 Appellant's contention, however, is belied by the transcript of the plea proceedings before the district court judge:
 
 
 43
 THE COURT: Mr. Williams, do you understand that you're entitled to a trial by jury?
 
 
 44
 THE DEFENDANT: Yes.
 
 
 45
 THE COURT: Do you understand that you can waive your right to a trial by jury and be tried by this Court?
 
 
 46
 THE DEFENDANT: Yes.
 
 
 47
 THE COURT: Sir, if we go to trial you don't have to take the stand to testify against yourself; do you understand that?
 
 
 48
 THE DEFENDANT: Yes.
 
 
 49
 THE COURT: If we go to trial there is a compulsory process by which witnesses may be summoned to testify on your behalf; do you understand that?
 
 
 50
 THE DEFENDANT: Yes.
 
 
 51
 THE COURT: If we go to trial any witnesses who testify against you are subject to cross-examination; do you understand that?
 
 
 52
 THE DEFENDANT: Yes.
 
 
 53
 THE COURT: You have the right to confront those witnesses. Do you understand?
 
 
 54
 THE DEFENDANT: Yes.
 
 
 55
 THE COURT: If you enter a plea of guilty to Count 1, you waive your right to a trial by jury; do you understand that?
 
 
 56
 THE DEFENDANT: Yes.
 
 
 57
 .............................................................
 
 
 58
 ...................
 
 
 59
 * * *
 
 
 60
 THE COURT: Has anyone promised you anything or threatened you in any way to enter a plea of guilty?
 
 
 61
 THE DEFENDANT: No.
 
 
 62
 [The attorneys and the judge then discussed the specifics of the plea agreement.]
 
 
 63
 THE COURT: Mr. Williams, on or about May the 12th, 1989 in the Northern District of Ohio, Eastern Division, you knowingly and intentionally possessed with intent to distribute approximately 20.97 grams of a mixture or substance containing a detectable amount of cocaine base crack, a Schedule II narcotic drug controlled substance in violation of Title 21, Sections 841(a)(1) and 841(b)(1)(B) of the United States Code.
 
 
 64
 Did you commit the offense charged in the first count of the indictment?
 
 
 65
 THE DEFENDANT: Yes.
 
 
 66
 THE COURT: The Court will make the finding that he committed this offense charged in the first count of the indictment. What is your plea?
 
 
 67
 THE DEFENDANT: Guilty.
 
 
 68
 THE COURT: The Court will accept this defendant's plea of guilty, and make the finding that it is knowingly and voluntarily entered....
 
 
 69
 Accordingly, appellant's assertion that "very little was done to ensure that the Appellant understood the effects of changing his previously entered plea of Not Guilty to a plea of Guilty," Appellant's Brief at 6, is without merit. Williams was informed of his constitutional rights prior to entering his guilty plea but chose to waive those rights knowingly and voluntarily.
 
 III.
 
 70
 For the aforementioned reasons, the district court's sentencing determination is AFFIRMED.
 
 
 
 [1]
 Although the district court judge verbally sentenced Williams to four years of supervised release at the April 6, 1990 sentencing hearing, the Judgment Including Sentence Under The Sentencing Reform Act, filed on April 12, 1990, sentenced Williams to five years of supervised release. This discrepancy was not addressed by either party on appeal