**UNITED STATES of America**

v.

**Norman ARTABANE, Defendant.**

**Crim. No. 3:CR–92–0315.**

United States District Court,
M.D. Pennsylvania.

July 5, 1994.

---

**2.** See *Schoolfield v. New York City*, 1992 WL 296691, 1992 U.S.Dist. LEXIS 17590 (S.D.N.Y.  91 Civ. 0887, Oct. 21, 1992).

Gregory T. Magarity, Philadelphia, PA, Harold M. Kane, Levy & Preate, Scranton, PA, Andrew Hailstone, Scranton, PA, for defendant.

Malachy Edward Mannion, Bruce Brandler, U.S. Attys. Office, Scranton, PA, for the U.S.

## MEMORANDUM AND ORDER

CONABOY, District Judge.

Currently pending before the Court is the Defendant's Motion to Withdraw Guilty Plea. (Doc. No. 51). The Government has responded to the motion. We have carefully reviewed the proffered arguments. For the reasons stated below, we will grant the mo-tion and allow Defendant Artabane to withdraw his guilty plea.

## BACKGROUND

On December 15, 1992, Defendant Artabane was indicted by a federal grand jury. The indictment sets forth three counts alleging that Mr. Artabane knowingly made material false statements in an application for bank loans in violation of 18 U.S.C. Section 1014. On December 30, 1993, the United States filed a Motion in Limine. The motion requested that the Defendant be precluded form introducing evidence to support a defense that the defendant was encouraged or joined in a scheme to defraud the bank by bank officials. The Court granted the Government's motion. Four days into trial, and at the close of the government's case, the Defendant plead guilty to the charges in the indictment.

## DISCUSSION

"If a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair or just reason." Fed.R.Crim.P. 32(d). There is no absolute right to withdraw a guilty plea under Rule 32(d). *United States v. Martinez*, 785 F.2d 111, 115 (3rd Cir.1986). The import, however, of the permissive "may" in 32(d) is that "the acceptance of a motion to withdraw is within the discretion of the trial court, whose determination will be disturbed only if the court has abused its discretion." *United States v. Trott*, 779 F.2d 912 (3rd Cir.1985) *citing Government of The Virgin Islands v. Berry*, 631 F.2d 214, 219–20 (3rd Cir.1980). *See also United States v. Vallejo*, 476 F.2d 667, 679 (3rd Cir.1973).

A determination of whether to allow a withdrawal of a guilty plea requires consideration of the facts and circumstances in each case. *United States v. Crowley*, 529 F.2d 1066, 1071 (3rd Cir.1976). Such a motion should be considered liberally in favor of the accused. *United States v. Young*, 424 F.2d 1276, 1279 (3rd Cir.1970). The proper analysis to be utilized when ruling on a 32(d) motion is set forth in the advisory notes to

the rule. *United States v. Nahodil,* 776 F.Supp. 991, 994 (M.D.Pa.1991). See *United States v. Martinez,* supra, at 115–16 (citing note with approval). The advisory notes, in pertinent part, provide the following:

> The first sentence of the amended rule incorporates the "fair and just" standard which the federal courts, relying upon dictum in *Kercheval v. United States,* 274 U.S. 220 [47 S.Ct. 582, 71 L.Ed. 1009] (1927), have consistently applied to presentence motions. See e.g. *United States v. Strauss,* 563 F.2d 127 (4th Cir.1977); *United States v. Bradin,* 535 F.2d 1039 (8th Cir.1976); *United States v. Barker,* 514 F.2d 208 (D.C.Cir.1975). Under the rule as amended, it is made clear that the defendant has the burden of showing a "fair and just" reason for withdrawal of the plea. This is consistent with the prevailing view, which is that "the defendant has the burden of satisfying the trial judge that there are valid grounds for withdrawal." *United States v. Michaelson,* 552 F.2d 472 (2d Cir.1977).... If the defendant establishes such a reason, it is then appropriate to consider whether the government would be prejudiced by withdrawal of the plea.

Fed.R.Crim.P. 32(d) advisory committee's note, 1983 amendment.

■ Our inquiry, therefore, begins with whether Defendant Artabane established a "fair and just" reason for the withdrawal of the plea. Although "the terms 'fair and just' lack any pretext of scientific exactness," *United States v. Barker,* supra, guidelines have emerged in the appellate cases for applying the standard. Whether the movant has asserted his legal innocence is an important factor to be weighed, *United States v. Joslin,* 434 F.2d 526 (D.C.Cir.1970), as is the reason why the defenses were not put forward at the time of original pleading. *United States v. Needles,* 472 F.2d 652 (2nd Cir. 1973). The amount of time which has passed between the plea and the motion must also be taken into account. *Nahodil,* 776 F.Supp. at 995.

A swift change of heart is itself a strong indication that the plea was entered in haste and confusion * * *. By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

*Id.* at 995 citing *United States v. Barker,* supra.

Defendant Artabane's motion is based on his claim that he is innocent of the charges to which he has plead guilty. He maintains that he at all times throughout this litigation has asserted his innocence. Defendant bases his claim of innocence on the contention that the banking institution coerced him into submitting false statements. (Doc. No. 51, p. 2, ¶ 6). As Defendant points out, and we acknowledge, he even asserted his innocence at the plea hearing. (See p. 23 of the Plea Proceedings). Prior to that it was apparent that Defendant Artabane considered himself innocent as trial had begun without a change in plea. It was not until the trial was four days old that Artabane plead guilty to the charges of the indictment.

■ Defendant asserts that after the Court's ruling on the Government's Motion in Limine, he was advised by his attorney (now former counsel) that he was defenseless. (Doc. No. 56).[1] Defendant further maintains that until present counsel corrected his misconceptions, he was under the impression that certain guideline ranges for sentencing were applicable. If we are to lend any credence to Defendant's assertions, and we should for the record plainly chronicles Defendant's reluctance to plea guilty, then we must recognize that the voluntary nature of Defendant's plea is questionable at best. If Defendant truly believed that he had but one option to being found guilty and that was to plead guilty, despite his continual assertion of innocence, then we must construe a "fair and just" reason from his assertions and actions. We believe Defendant, under advice of former counsel, believed that he had no other avenues of defense open to him. Consequently, we turn to the Government to determine whether it has shown that it would

---

1. Defendant hire new counsel and after a discussion of the reasonableness of other possible defenses he requested counsel to petition to withdraw the plea.

be prejudice by the withdrawal. In short, the Government has offered nothing more than an assertion of unfairness and prejudice. In contrast, Defendant notes that because the witnesses are for the most part local and readily available, the Government will not be forced to present a weakened case. It will only have to present the same case.

## CONCLUSION

Based on the reasons stated above, the Defendant's Motion to Withdraw Guilty Plea will be granted. The Clerk of Court is directed to mark the docket sheet accordingly. An appropriate Order is attached.

## ORDER

AND NOW, THIS 1st DAY OF JULY, 1994, IT IS HEREBY ORDERED AS FOLLOWS:

1. The Defendant's Motion to Withdraw Plea of Guilty (Doc. No. 51) is GRANTED.

2. A new trial is scheduled for 9:30 a.m., Monday, September 26, 1994 in Courtroom Number One, Federal Building, Scranton, Pa.

3. The period between the withdrawal of the plea and the new trial date shall be excludable under the District's Speedy Trial Plan and/or 18 U.S.C. § 3161(h)(8)(B)(i) of the Speedy Trial Act and the Clerk is directed to so note the docket.