**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Gregory Angelo SPENCER,**
**Defendant–Appellant.**

**No. 87–3373.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 16, 1987.
Decided Dec. 31, 1987.

Stewart I. Mandel, Anthony J. Bondra (argued), Cleveland, Ohio, for defendant-appellant.

Richard Lillie, Asst. U.S. Atty., Cleveland, Ohio, James V. Moroney, Gregory Sasse (argued), for plaintiff-appellee.

Before JONES and BOGGS, Circuit Judges, and PECK, Senior Circuit Judge.

NATHANIEL R. JONES, Circuit Judge.

Defendant-appellant Gregory Angelo Spencer appeals the order denying his motion to withdraw his guilty plea to the offense of bank robbery. For the reasons set forth below, we affirm.

Spencer was indicted on September 22, 1986 by a federal grand jury. The indictment set forth three counts: Count I charged a conspiracy to commit bank robbery under 18 U.S.C. §§ 371 and 2113(a) (1982); Count II charged aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2 (1982) and 2113(a); and Count III charged interstate travel with intent to further unlawful activity (bank robbery) in violation of 18 U.S.C. § 1952 (1982). The case was assigned to United States District Court Judge Alice M. Batchelder. During proceedings which occurred immediately prior to and subsequent to the return of the indictment, Spencer was represented by court-appointed counsel.

Approximately 10 days prior to the scheduled trial date of December 22, 1986, Spencer presumptively agreed to accept a plea bargain. A hearing was then scheduled for December 12, 1986. Before the hearing, however, Spencer changed his mind and refused to enter a plea of guilty to any of the charges. Instead, he requested that his counsel, Stephen Walker, withdraw from the case and new counsel be appointed. These motions were granted by the court and the trial was reset. After a motion for continuance was made by Spenc-

er and granted, the trial was scheduled for March 9, 1987.

Spencer, however, again indicated a desire to change his plea and a hearing was scheduled. On February 25, 1987, before United States District Court Judge John M. Manos, sitting for Judge Batchelder, Spencer entered a guilty plea to Count II of the indictment. The Rule 11 agreement essentially provided that the other counts would be dismissed and an eight-year term of imprisonment would be imposed, to be served concurrently with a five-year sentence previously imposed upon Spencer by United States District Court Judge Ann Aldrich in Case Number CR 81–162. After fully complying with Fed.R.Crim.P. 11(c), Judge Manos posed the following question to Spencer:

> THE COURT: Has anyone promised you anything or threatened you in any way to enter a plea of guilty?
>
> THE DEFENDANT: No.

J. App. at G 3. After having the Rule 11 agreement read into the record, Judge Manos then inquired:

> THE COURT: Did you on or about the 15th day of February, 1985, Mr. Spencer, in the Northern District of Ohio, aided and abetted by another not indicted in this case, by force, violence, and intimidation, take and willfully cause to be taken from the person and presence of Frank Ottobre, manager, Ameritrust Bank, 2132 Brookpark Road, Cleveland, Ohio, the sum of $70,-340 in money which was the property of the said Ameritrust Bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation, in violation of Title 18, Sections 2113(a) and 2, United States Code? Did you commit the offense charged in the second count of the indictment?
>
> THE DEFENDANT: Yes, I did.

J. App. at G 4–5.

On March 26, 1987, a sentencing hearing was scheduled for April 9, 1987. On April 2, 1987, Spencer filed a motion to withdraw his guilty plea pursuant to Fed.R.Crim.P. 32(d). Spencer's motion specifically asserted that he claimed "not to be guilty of any crime" and that his guilty plea had been entered under duress. The basis for the claim of duress was that Spencer had "a well-founded belief that either he or his family would be subjected to violence through the machinations of Thomas J. Carney—a nonindicted co-conspirator." The motion further stated that the existence of duress through the threat of violence had terminated with the suicide of Carney while in federal custody in Buffalo, New York. J. App. at H 2.

On April 9, 1987, the government filed its response to Spencer's motion. The government's basis for opposing Spencer's motion was fourfold:

(1) the motion had been filed solely for tactical reasons;

(2) the defendant had delayed the filing for at least one month after entering his plea;

(3) the defendant's entire course of conduct in the case, including one previous "change of mind" regarding a plea of guilty, undercut the good faith basis of his attempt to withdraw his plea and exposed the motion as yet another delaying tactic; and

(4) granting of the defendant's motion would prejudice the government, especially regarding witness availability.

J. App. at I 4–5.

At the hearing on Spencer's motion to withdraw his guilty plea, conducted on April 9, 1987, the following exchange took place:

> THE COURT: Mr. Spencer, what is your reason for wanting to withdraw your plea?
>
> THE DEFENDANT: Well, I was scared. He threatened to do bodily harm to members of my family because he thought I had told on him and told things he had done.
>
> THE COURT: When were these threats made?
>
> THE DEFENDANT: They have been made ever since the end of '81, and all in 1985 and 1986, through this period

of time they have been made upon my life and members of my family.

THE COURT: You were aware, Mr. Spencer, were you not, that Mr. Carney was in fact incarcerated?

THE DEFENDANT: Yes, but there was things going on—no bodily harm, but people were paying visits to people and notes were being left, and there were things going on that kept me afraid if I didn't do things like he wanted, then something would be done to me.

THE COURT: Anything else you want to tell the Court at this time, Mr. Spencer?

THE DEFENDANT: No, your Honor.

J. App. at O 3–4.

After hearing from the government and defense counsel, the court denied Spencer's motion and sentenced him pursuant to the terms of the Rule 11 agreement, thereby dismissing Counts I and III of the indictment. Spencer filed a timely notice of appeal on April 17, 1987.

## I.

"It is well settled that the withdrawal of a guilty plea prior to sentencing is not an absolute right but is a matter within the broad discretion of the district court." *United States v. Kirkland*, 578 F.2d 170, 172 (6th Cir.1978) (per curiam). *See also United States v. Usher*, 703 F.2d 956, 959 (6th Cir.1983); *United States v. Coure*, 632 F.2d 665, 666 (6th Cir.1980) (per curiam).

The decision of the district court to deny a motion for plea withdrawal should be sustained unless the court has abused its discretion. *Doherty v. American Motors Corp.*, 728 F.2d 334, 338 (6th Cir.1984). In *United States v. Michaelson*, 552 F.2d 472, 475 (2d Cir.1977), the Second Circuit Court of Appeals held that the trial judge's determination "on whether [the] defendant has met his burden [of satisfying the judge that there are valid grounds for plea withdrawal] will be reversed 'only if clearly erroneous.'" (quoting *United States v. Lombardozzi*, 436 F.2d 878, 881 (2d Cir.), *cert. denied*, 402 U.S. 908, 91 S.Ct. 1379, 28 L.Ed.2d 648 (1971)).

Spencer's motion to withdraw his guilty plea is governed by Fed.R.Crim.P. 32(d). Rule 32(d) provides:

(d) *Plea Withdrawal.* If a motion for withdrawal of a plea of guilty or nolo contendere is made *before sentence is imposed, ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason.* At any later time, a plea may be set aside only on direct appeal or by motion under 28 U.S.C. § 2255.

(Emphasis added). The Notes of (the) Advisory Committee on Rules, *Federal Criminal Code and Rules* (West 1987), relative to the 1983 amendment to Rule 32(d), provide guidelines as to the standard set out in the Rule.

Although 'the terms "fair and just" lack any pretense of scientific exactness,' *United States v. Barker*, [514 F.2d 208 (D.C.Cir.1975)] ... guidelines have emerged in the appellate cases for applying this standard. Whether the movant has asserted his legal innocence is an important factor to be weighed, *United States v. Joslin*, 434 F.2d 526 (D.C.Cir. 1970), as is the reason why the defenses were not put forward at the time of original pleading. *United States v. Needles*, 472 F.2d 652 (2d Cir.1973). The amount of time which has passed between the plea and the motion must also be taken into account.

A swift change of heart is itself strong indication that the plea was entered in haste and confusion.... By contrast, if the defendant has long delayed his withdrawal motion, and has had the full benefit of competent counsel at all times, the reasons given to support withdrawal must have considerably more force.

*United States v. Barker, supra.*

If the defendant establishes such a reason, it is then appropriate to consider whether the government would be prejudiced by withdrawal of the plea.

Notes of (the) Advisory Committee at 110.

## II.

■ There are several factors a district court may consider when evaluating wheth-

er a defendant has established a "fair and just" reason to withdraw his guilty plea. These factors, set out above, are also enumerated in *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir.1987).

One factor is the length of time between the entry of the guilty plea and the filing of the motion to withdraw it. *United States v. Roberts*, 570 F.2d 999 (D.C.Cir. 1977); *United States v. Barker*, 514 F.2d 208 (D.C.Cir.), *cert. denied*, 421 U.S. 1013, 95 S.Ct. 2420, 44 L.Ed.2d 682 (1975). In *Roberts*, the D.C. Circuit Court of Appeals permitted the defendant to withdraw his guilty plea, noting "the courts look with particular favor on 32(d) motions made—as this one was—within a few days after the initial pleading." *Roberts*, 570 F.2d at 1008. The Fifth Circuit Court of Appeals, however, in *United States v. Carr*, 740 F.2d 339 (5th Cir.1984), *cert. denied*, 471 U.S. 1004, 105 S.Ct. 1865, 85 L.Ed.2d 159 (1985), affirmed the lower court's denial of the defendant's motion to withdraw his guilty plea stating:

> We find that the motion was not promptly filed. The defendant waited twenty-two days before filing his motion for withdrawal of his guilty plea—only three days before sentencing. The rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.

*Carr*, 740 F.2d at 345 (quoting *Everett v. United States*, 336 F.2d 979, 984 (D.C.Cir. 1964)).

A second factor for district courts to consider is why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings. *United States v. Needles*, 472 F.2d 652, 656–59 (2d Cir. 1973). In *Needles*, the request to withdraw a guilty plea was based upon factual error in the presentence report, which obviously did not exist until after the entry of the guilty plea. However, where a defendant is aware of the condition or reason for a plea withdrawal, at the time the guilty plea is entered, a case for withdrawal is weaker. *United States v. Usher*, 703 F.2d 956 (6th Cir.1983).

In this case Spencer waited 5 weeks, from February 25 to April 2, 1987 to withdraw his plea, and did so only after learning of the suicide of Thomas J. Carney, a nonindicted co-conspirator named in all three counts of Spencer's indictment. The government contends that Spencer's ground for plea withdrawal, as well as the manner and timing of the withdrawal, are suspect. Spencer claims he was afraid of violence being inflicted upon himself and his family via the stratagems of Carney and that this fear was eliminated only upon Carney's death.

The government, however, points out that Spencer never once, in prior appearances before the court, claimed fear of Carney, although he admitted the threats had existed since 1981. It also appears that the threats had no previous effect on his decisions to plead guilty or go to trial.

The government contends Spencer is attempting to retract a proper guilty plea and proceed to trial or to obtain another plea agreement in hopes of getting a better deal after Carney's death.

A third factor is whether the defendant has asserted and maintained his innocence. In *United States v. Roberts*, the D.C. Circuit Court of Appeals noted that even in the face of the plea bargaining agreement, the defendant had entered an *Alford*[1] plea, and thus had maintained his innocence from the time of his indictment. Given this fact, the court allowed the defendant to withdraw his plea of guilty as a result of a violation of Rule 11 procedures by the prosecutor. *Roberts*, 570 F.2d at 1009.

Fourth, the district court may consider the circumstances underlying the entry of the plea of guilty, the nature and back-

---

1. *North Carolina v. Alford*, 400 U.S. 25, 31–32, 91 S.Ct. 160, 164–65, 27 L.Ed.2d 162 (1970). In *Alford*, the Supreme Court upheld the validity of a plea voluntarily given by a defendant who refused to admit any participation in the crime and continuously protested his innocence although the record contained strong evidence of his guilt.

ground of the defendant, and whether the defendant has admitted guilt. *United States v. Saft*, 558 F.2d 1073 (2d Cir.1977); *United States v. Bradin*, 535 F.2d 1039 (8th Cir.1976). In *Saft* and *Bradin*, the courts of appeal, in denying defendants' withdrawal motions, relied upon the defendants' admissions of guilt in open court to the crimes to which they pled. *See Saft*, 558 F.2d at 1082; *Bradin*, 535 F.2d at 1040–41.

In this case, Spencer has also admitted under oath that he had committed the crime charged in Count II of the indictment.

In *Usher*, 703 F.2d at 958, the Sixth Circuit noted that the "[a]ppellant was familiar with the criminal justice system," and had voluntarily, with counsel, bargained for the concessions made in the plea agreement by the government. In *United States v. Kirkland*, 578 F.2d 170, 171–72 (6th Cir.1978), the Sixth Circuit stated that "[t]he defendant is not [a] novice to the criminal law. Defendant has previously committed seven felonies and has been returned on four of them as a parole violator. He is knowledgeable and shrewd. This attempt to avoid his agreement cannot be viewed as other than a dilatory tactic or strategy to attempt to obtain an even better deal."

Here, the appellant, who is already serving a five-year prison sentence arising from a separate case, also appears to be "familiar with the criminal justice system."

Fifth, although the government is not required to establish prejudice that would result from a plea withdrawal, unless and until the defendant advances and establishes a fair and just reason for allowing the withdrawal, the district court may consider potential prejudice in exercising its discretion in considering the motion.

### III.

■ Spencer also contends that the burden placed upon him in responding to the government's assertions was greater than that required by "the fair and just" standard. Spencer contends the appropriate standard, preponderance of the evidence, was not used by the district court.

The government, relying on *Doherty v. American Motors Corp.*, 728 F.2d 334 (6th Cir.1984), contends the burden of proof should be heavier than the mere preponderance standard. In so arguing, the government relies on the following:

> the burden of proof faced by the plaintiff is a "heavy one." ... As the D.C. Circuit has observed, a defendant should be allowed to withdraw a guilty plea only in "extraordinary cases."

*Doherty*, 728 F.2d at 338 (citations omitted).

*Doherty*, however, considered Rule 32(d) prior to its 1983 amendment, and in the context of a post-sentencing motion to withdraw a guilty plea. In noting the distinction, the *Doherty* court stated:

> It might be argued that a *sentencing judge* could allow a withdrawal of a guilty plea upon a finding of manifest injustice *supported by a preponderance of the evidence*, and *that therefore the burden of proof is no greater than that in an ordinary civil case such as here*. However, because the plaintiff's burden of proof is heavy, and a guilty plea can only be withdrawn in extraordinary cases, we believe that more than a mere preponderance of the evidence would be required before a trial judge would set aside a plea once it was duly entered and sentence was imposed.

*Id.* (Emphasis added).

In looking at the lower court's decision in this appeal, it appears the distinction made by the *Doherty* court was noted and the lesser standard, preponderance of the evidence, was used. The court, in making its determination, stated:

> [i]t is certainly clear that the burden is on a defendant who wishes to withdraw a plea of guilty, even if his request to withdraw comes prior to sentence. *That does change the burden*, and it seems clear to me that the case law requires that the defendant fulfill that burden before the Court should permit the withdrawal of a guilty plea.
>
> . . . .
>
> It is my believe [sic] that this defendant's past pattern, together with his testimony this morning under oath that he was

afraid and had been afraid and there were things going on and notes being left, that that does not constitute a strong enough showing that there is in fact a fair and just reason for this Court to permit a plea withdrawal.

There has been no evidence given to me this morning whatsoever to substantiate any such problem in the defendant's background or that he was under any type of duress when he entered his plea. I do find, and I will deny the motion to withdraw the plea.

J.App. at O 7–8 (Emphasis added).

Thus, although the district court used the lesser burden of proof, Spencer did not present enough evidence to satisfy it. He presented no extrinsic evidence to prove the threats or duress. He relayed no threatening notes nor presented any witnesses to substantiate his claim. Based upon his failure to meet this burden of proof, the lower court did not abuse its discretion in denying his motion for the withdrawal of his guilty plea.

Accordingly, the judgment of the district court is AFFIRMED.