856 F.2d 196
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Hal David HONEGGER, Defendant-Appellant.
 No. 87-4134.
 United States Court of Appeals, Sixth Circuit.
 Aug. 31, 1988.
 
 Before BOYCE F. MARTIN, Jr., RALPH B. GUY Jr., and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Hal David Honegger, defendant-appellant, was indicted on one count of illegal use of an electronic device to intercept oral communications, in violation of 18 U.S.C. Secs. 2511(1)(b)(iii) and 2, arising from his unauthorized use of recording equipment in connection with a private investigation. The government informed defendant, on July 9, 1987, that tape recordings of radio transmissions implicating defendant existed and were available for inspection at the office of FBI Agent Clinton Baber. Defense counsel made several unsuccessful attempts to contact Agent Baber, and did not review the tapes before trial.
 
 
 2
 On September 22, the morning of trial, the government played a tape of the incriminating radio transmissions for defendant, and indicated that it intended to use that tape as evidence. After hearing the tape, defendant agreed to plead guilty. The district court conducted a Rule 11 hearing and found that defendant's guilty plea was entered knowingly and voluntarily.
 
 
 3
 That afternoon, defendant began to reconsider his decision and contacted his attorney. On September 25, three days after the guilty plea was entered, defendant filed a motion requesting the government to produce the incriminating tape. The government did not respond immediately, and defendant filed a motion to withdraw his guilty plea on October 8.
 
 
 4
 The district court held an evidentiary hearing on the motion. Defendant, his wife and two friends testified to the effect that, although the events described on the tape occurred, they occurred on different dates and at different times. At the close of the hearing, the district court denied the motion to withdraw the guilty plea.
 
 
 5
 On appeal, defendant contends that the district court abused its discretion in denying his motion to withdraw the guilty plea. Fed.R.Crim.P. 32(d) provides that, before sentence is imposed, the district court may permit withdrawal of a guilty plea upon a showing of any "fair and just reason." A defendant does not have an absolute right to withdraw a guilty plea; rather, withdrawal is within the broad discretion of the district court. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987). Defendant has the burden of establishing, by a preponderance of the evidence, that it would be fair and just to grant the motion to withdraw the guilty plea. United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). In determining whether defendant has established a fair and just reason to withdraw his guilty plea, the district court may consider the length of time between entry of the guilty plea and filing the motion to withdraw, the reasons why the grounds for withdrawal were not presented to the court earlier, whether defendant has asserted and maintained his innocence, the circumstances underlying entry of the guilty plea, the nature and background of the defendant, and whether the defendant has admitted guilt. Spencer, 836 F.2d at 239-40.
 
 
 6
 In this case, only the first factor points in favor of granting the motion. Sixteen days elapsed between entry of the guilty plea and filing the motion to withdraw. It was apparent that defendant had a swift change of heart and began to reconsider his decision that very afternoon. However, consideration of the other factors supports the district court's denial of the motion to withdraw. Defendant argues that the decision to plead guilty was made in haste and confusion; that he arrived at the courthouse ready for trial, was presented with the incriminating tape, and was pressured to enter a plea bargain with the government in the space of forty-five minutes. However, defendant had ample time and opportunity to discover the alleged inaccuracies in the tape. The record of the plea colloquy refutes any implication of haste and confusion. The court questioned defendant at length concerning the plea negotiations and his waiver of constitutional rights. Furthermore, defendant is an educated man with several years of law enforcement experience. It is unlikely that he misunderstood the consequences of the entry of the guilty plea.
 
 
 7
 Most importantly, defendant admitted guilt on three separate occasions. Agent Baber testified at the evidentiary hearing that during two interviews with defendant, on April 17 before the indictment and on September 22 after the guilty plea, defendant "admitted his knowledge and participation in the use of electronic devices to obtain information regarding the ... investigation." Defendant also admitted his guilt during the plea colloquy. Even in the motion to withdraw the guilty plea, defendant did not assert his innocence.
 
 
 8
 Having reviewed the transcript of the evidentiary hearing, and considered the factors enumerated in Spencer, we hold that the district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea. Nor did the district court abuse its discretion in ruling on the motion without listening to the incriminating tape. It would have served no purpose for the court to listen to the tape because defendant did not deny that the events on the tape occurred; he only alleged that they occurred at a different time.
 
 
 9
 Accordingly, the decision of the district court is affirmed.