951 F.2d 351
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Reginal THOMAS, Defendant-Appellant.
 No. 91-1328.
 United States Court of Appeals, Sixth Circuit.
 Dec. 13, 1991.
 
 Before KEITH, DAVID A. NELSON and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 The defendant appeals the district court's denial of his motion to withdraw his guilty plea and the district court's application of the United States Sentencing Guidelines ("Guidelines") to this action. For the following reasons, we affirm.
 
 I.
 
 2
 The defendant, along with other defendants, was charged with conspiracy to possess with the intent to distribute and to distribute cocaine, cocaine base, and marijuana. On the trial date, October 2, 1990, he discussed with his attorney the evidence to be presented against him. Counsel informed him that Darryl Thomas (Thomas' brother) would be testifying against him and that this testimony would "seriously affect ... [Thomas'] ability to succeed at trial." Following this conversation, defendant decided to plead guilty to count one of the indictment, which charged a conspiracy from January 1, 1986, through November 30, 1989.
 
 
 3
 Thomas was informed of his rights prior to acceptance of the guilty plea. The court inquired about Thomas' education and whether he was currently under the influence of alcohol or drugs. Thereafter, the court determined that Thomas was competent to go forward with the plea. Thomas' attorney explained the nature of the charges to him. Thomas informed the court that he understood the indictment. The court explained to him what the government would be required to prove to establish guilt, and the possible penalties which he could incur as a result of the plea.
 
 
 4
 Thomas acknowledged that he had not been threatened or forced to plead guilty. Subsequently, Thomas informed the court of the details of the conspiracy and admitted to distributing cocaine. Following this discourse, the court again asked Thomas if he wished to plead guilty, to which he responded "yes."
 
 
 5
 The court entered factual findings that: (1) Thomas' plea was knowingly, freely, and voluntarily made; and (2) Thomas' testimony established all required elements of the offense to which he was pleading guilty. On October 10, 1990, defendant informed his attorney that he no longer wished to cooperate with the United States, but failed to express a desire to withdraw his plea. In late October, 1990, Thomas met with his attorney to discuss withdrawing his plea. Thomas informed his attorney that he would not withdraw his guilty plea if the U.S. would agree to reduce his sentence based on his brother's cooperation. After speaking with the prosecutor, Thomas' attorney advised him that the U.S. was unwilling to move the court to reduce his sentence based on his brother's cooperation.
 
 
 6
 On December 4, 1990, Thomas filed a motion to withdraw his guilty plea. An evidentiary hearing was held on the motion and the district court denied the motion, concluding that Thomas' plea was knowingly, willingly, and voluntarily entered. He was subsequently sentenced to twelve years imprisonment.
 
 II.
 
 7
 Defendant contends that the motion to withdraw his guilty plea should have been granted. The district court's decision will not be disturbed absent an abuse of discretion. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987). The court may grant a withdrawal of a guilty plea if the movant shows just and fair reason for the requested withdrawal. Id.; Fed.R.Crim.P. 32(d). The court's determination as to whether Thomas has presented a just and fair reason will be reversed only if it is clearly erroneous. Spencer, 836 F.2d at 238. To determine whether Thomas has presented a just and fair reason, we may consider: (1) whether the movant asserted a defense or whether he has consistently maintained his innocence; (2) the length of time between the entry of the plea and the motion to withdraw; (3) why the grounds for withdrawal were not presented to the court at an earlier time; (4) the circumstances underlying the entry of the plea of guilty, the nature and the background of a defendant, and whether he has admitted his guilt; and (5) potential prejudice to the government if the motion to withdraw is granted. Spencer, 836 F.2d at 238-40.
 
 
 8
 Defendant has not demonstrated a just and fair reason for the requested withdrawal. First, he maintained his innocence only until confronted with the damaging evidence against him. Second, he waited sixty-two days before moving to withdraw his plea. The Fifth Circuit has held that a defendant cannot withdraw his guilty plea twenty-two days after the plea date. See United States v. Carr, 740 F.2d 339 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985). A defendant's motion will be scrutinized more closely if the defendant waits a substantial period of time to move for withdrawal. United States v. Triplett, 828 F.2d 1195, 1197 (6th Cir.1987). Thomas' sixty-two day wait does not constitute a prompt filing of the motion.
 
 
 9
 Third, Thomas has not presented a plausible explanation as to why his motion was not presented at an earlier time. Thomas contends that he pled guilty because he did not understand what the court was saying to him during the guilty plea proceeding. However, the record indicates otherwise. Fourth, the district court fully informed Thomas of his rights. The record adequately supports the district court's finding that Thomas freely, voluntarily, and knowingly pleaded guilty. Finally, the prosecution will be prejudiced if the motion is granted. On the trial date, Darryl Thomas was prepared to give damaging testimony against the defendant. However, between the date of the guilty plea and the time of filing the motion for withdrawal, Darryl Thomas decided to not testify against his brother. Defendant is now precluded from using the withdrawal motion as a tactical maneuver. Therefore, the motion to withdraw the guilty plea was properly denied.
 
 
 10
 Defendant also asserts that the Guidelines are not applicable to this action. The Guidelines apply to offenses which begin prior to November 1, 1987, but terminate after that date. United States v. Edgecomb, 910 F.2d 1309, 1311 (6th Cir.1990). "This court reviews de novo the applicability of the ... Guidelines." Id.
 
 
 11
 Defendant maintains that as the conspiracy did not extend beyond November 1, 1987, it precludes application of the Guidelines. In light of Edgecomb, Thomas' argument is without merit. Thomas pleaded guilty to count one of the third superseding indictment, which by its terms extends the conspiracy from January 1, 1986, through November 30, 1989. Edgecomb requires defendants to voice objections to the dates of the offense by negotiating a change in the plea agreement prior to entering their plea. Id. at 1312.
 
 
 12
 Alternatively, Thomas argues that the Guidelines are inapplicable because he withdrew from the conspiracy prior to November 1, 1987. Withdrawal from a conspiracy requires that the conspirator act "affirmatively to defeat or disavow the purpose of the conspiracy." Id. (quoting United States v. Nicoll, 664 F.2d 1308, 1315 n. 6 (5th Cir.), cert. denied, 457 U.S. 1118 (1982)). We cannot find any evidence in the record to indicate that Thomas so acted. Thomas' presentence report indicates that he was involved in the conspiracy after November 1, 1987.[1] Therefore, the district court's application of the Guidelines was proper.
 
 
 13
 For the foregoing reasons, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 Thomas apparently arranged for couriers to transport cocaine from Houston to Detroit from October, 1988, through February, 1989