UNITED STATES of America, Plaintiff,

v.

**Dennis W. HAYES, Defendant.**

No. CR–1–90–92.

United States District Court,
S.D. Ohio, W.D.

July 23, 1992.

---

Wm. E. Hunt, Asst. U.S. Atty., Cincinnati, Ohio, for plaintiff.

J. Robert Andrews, James M. Looker, Cincinnati, Ohio, for defendant.

ORDER GRANTING IN PART AND DENYING IN PART THE DEFENDANT'S MOTION TO VACATE HIS SENTENCE

SPIEGEL, District Judge.

This matter is before the Court for consideration of the defendant's motion to vacate his sentence (doc. 20). The government opposes the motion (doc. 22), and the defendant replied (doc. 24). For the rea-

sons set forth below, the defendant's motion to vacate his sentence must be granted in part and denied in part.

## BACKGROUND

Between October, 1988 and July 17, 1990, Dennis Hayes illegally copied the memory programs for Apple Computers onto blank computer chips in the basement of his home. He then retained a local lithographing firm to copy the Apple logo onto his chips. He sold the chips internationally using computer bulletin boards, the mails, parcel post, and interstate and foreign banking wires to advertise, make deliveries and receive proceeds.

Mr. Hayes' computer chip sales proved to be very profitable. He purchased an airplane, a new car, and opened a Swiss bank account. Over $100,000 in United States currency was recovered from his residence.

On September 10, 1990, the United States Attorney filed a bill of information charging Dennis Hayes with one count of money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), one count of copyright infringement in violation of 17 U.S.C. § 506(a) and 18 U.S.C. § 2319(b)(3), and one count of structuring financial transactions in order to avoid reporting to the Treasury Department in violation of 31 U.S.C. § 5324 and 31 U.S.C. § 5322(a). Mr. Hayes entered into a plea agreement with the government, and on September 13, 1990, Dennis Hayes pled guilty to each charge in the bill of information. Mr. Hayes was represented by privately retained counsel during the plea negotiations and in entering his guilty plea.

Pursuant to the United States sentencing guidelines, Mr. Hayes was sentenced to a five year prison term on the money laundering charge, a one year prison term on the copyright infringement charge, and a five year prison term on the charge of illegally structuring financial transactions. The terms run concurrently.

Mr. Hayes now moves to vacate his sentence. He claims the Court lacked jurisdiction to enter sentence on the money laundering charge and that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution.

## MONEY LAUNDERING

Count I of the bill of information charged:

> That from in or about October 1988, up to and including July 17, 1990, in the Southern District of Ohio, DENNIS W. HAYES, did knowingly, willfully and with the intent to engage in conduct constituting a violation of Section 7201 of the Internal Revenue Code, conduct and cause to be conducted, financial transactions affecting interstate commerce, knowing said financial transactions were conducted with property, to wit: United States Currency and checks that were the proceeds of specific unlawful activity, that being the infringement of a copyright, in violation of 18 U.S.C. § 2319;
> **In violation of 18 U.S.C. § 1956(a)(1)(A).**

Doc. 1 at 1 (emphasis in original).

■ Title 18, section 1956(a)(1)(A) of the United States Code provides:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity— ... (ii) with intent to engage in conduct constituting a violation of section 7201 or 7206 of the Internal Revenue Code of 1986
>
> .    .    .    .    .
>
> shall be sentenced to a fine of not more than $500,000 or twice the value of the property involved in the transaction, whichever is greater, or imprisonment for not more than twenty years, or both.

18 U.S.C.A. § 1956(a)(1)(A) (1992 supp.). As used in § 1956, the words "knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity" requires that "the person knew the property involved in the transaction represented proceeds from some form, though not necessarily which form, of activity *that constitutes a felony* under State, Federal, or

foreign law...." 18 U.S.C.A. § 1956(c)(1) (1992 supp.) (emphasis added). Therefore, to constitute money laundering in violation of 18 U.S.C. § 1956(a)(1)(A), the money in question must be proceeds of felonious activity. 18 U.S.C. § 1956(c); *see also U.S. v. Sutera*, 933 F.2d 641, 646 (8th Cir.1991).

■ According to the bill of information in this case, the money Mr. Hayes allegedly laundered represents proceeds of a copyright infringement. For the sort of copyright infringement charged in this case, Mr. Hayes could be fined no more than $25,000 or "imprisoned for not more than one year, or both...." 18 U.S.C.A. § 2319(b)(3) (1992 supp.). Therefore, the copyright infringement from which the proceeds resulted is a Class A misdemeanor. 18 U.S.C. § 3559(a)(6). It is not a felony. Accordingly, the requirements of 18 U.S.C. § 1956(a)(1)(A) have not been satisfied, and this Court is without jurisdiction to impose sentence on the money laundering charge.

The government contends that the money in question actually represents the proceeds of mail fraud, wire fraud and concealment of assets as well as copyright infringement. According to the government, the United States Attorney elected not to charge Mr. Hayes with such felonious activity as a result of extensive plea negotiations. However, such allegations are irrelevant to the determination at hand.

Even if the government's allegations are true, a defendant is still entitled to a trial before sentence is imposed. In the case at bar, Mr. Hayes was never charged with wire fraud, mail fraud or concealment of assets nor was it alleged that the money underlying the money laundering charge represented proceeds of such felonious activity. Instead, the bill of information specifically charged that the money in question represented the proceeds of a copyright infringement in violation of 18 U.S.C. § 2319. Mr. Hayes pled guilty only to those allegations contained in the three-count bill of information.

Therefore, the requirements of 18 U.S.C. § 1956(a)(1)(A) have not been satisfied, and the Court lacked jurisdiction to impose sentence on the money laundering charge.

Accordingly, the defendant's motion to vacate the sentence imposed on Count I of the bill of information is hereby granted.

## INEFFECTIVE ASSISTANCE OF COUNSEL

■ The defendant contends that his counsel's advice to plead guilty to money laundering when the statutory requirements had not been satisfied indicates ineffective assistance of counsel on all three charges. The Sixth Amendment to the United States Constitution guarantees that the accused in every criminal prosecution shall be effectively assisted by competent legal counsel. *See Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

■ To withdraw a guilty plea on the basis of ineffective assistance of counsel, a defendant must establish "that counsel's representation fell below an objective standard of reasonableness" and that counsel's ineffective performance "prejudiced" the defendant. *Hill v. Lockhart*, 474 U.S. 52, 57, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985) (quoting *Strickland v. Washington*, 466 U.S. at 687–88, 104 S.Ct. at 2064). To satisfy the prejudice requirement where a defendant has pled guilty, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. at 59, 106 S.Ct. at 370.

■ In the case at bar, Mr. Hayes' counsel failed to recognize that the bill of information was insufficient to satisfy the money laundering statute and advised him to plead guilty. However, such oversight did not prejudice Mr. Hayes' rights.

First, it appears that the government possessed sufficient information to charge Mr. Hayes with concealment of assets in violation of 18 U.S.C. § 1952, mail fraud in violation of 18 U.S.C. § 1341, and wire fraud in violation of 18 U.S.C. § 1343 in addition to the three charges actually initiated. The government decided to forego these additional charges only after extensive plea negotiations with Mr. Hayes'

counsel. Therefore, if Mr. Hayes' counsel had noticed the insufficiency in the money laundering charge earlier, the government would simply have included additional felony charges in the bill of information.

Second, counsel competently represented Mr. Hayes on the charges of copyright infringement and illegally structuring financial transactions. In fact, counsel appears to have played a key role in reducing the charges actually brought against Mr. Hayes.

Third, Mr. Hayes pled guilty to all three charges in open court. Prior to being charged, Mr. Hayes admitted to government officials that he was manufacturing MacIntosh 128K read only memory computer chips, and explained the process by which he did so. *See* Transcript of Proceedings on September 13, 1990 at 24. In addition, the evidence that Mr. Hayes had illegally structured financial transactions was overwhelming. *See Id.* at 22–26. After IRS Special Agent Meister so testified in open Court on September 13, 1990, the following exchange occurred while Mr. Hayes was under oath:

> THE COURT: Well, Mr. Hayes, is the testimony of Special Agent Meister correct?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: And you're offering to plead guilty to the offenses in the information and to consent to the forfeiture of the items listed in the information, because you're, in fact, guilty of the charges in the information?
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: Is that correct?
>
> THE DEFENDANT: I'm guilty as they are read, yes, sir.

*Id.* at 26–27.

Making an objective inquiry, the Court must conclude that, under the circumstances of this case, Mr. Hayes would still have pled guilty to copyright infringement and illegally structuring financial transactions. Accordingly, Mr. Hayes cannot establish that his Sixth Amendment rights have been violated.

## WITHDRAWAL OF THE GUILTY PLEA

Finally, the defendant has requested leave to withdraw his guilty plea. In making such a determination, the Court must consider several factors, including: (1) the time that elapsed between the guilty plea and the motion to withdraw; (2) the explanation given for the delay; (3) whether the defendant has ever maintained his innocence; (4) the circumstances underlying the guilty plea; (5) whether the defendant admitted his guilt; and (6) the potential prejudice resulting from withdrawal of the plea. *United States v. Goldberg*, 862 F.2d 101, 103–04 (6th Cir.1988); *United States v. Spencer*, 836 F.2d 236 (6th Cir. 1987).

In the case at bar, approximately eighteen months elapsed between the time Mr. Hayes pled guilty and his motion to withdraw his plea. No explanation has been offered for the delay. In addition, Mr. Hayes freely explained the process by which he illegally copied computer chips, altered them to look like Apple Computer chips, advertised them for sale internationally, processed the sales orders, and disposed of the proceeds from the sales. Then, while under oath in open court, Mr. Hayes admitted his guilt to all three counts in the information. The Court is now vacating its sentence on the money laundering charge. However, we see no basis for permitting the defendant to withdraw his pleas of guilty to copyright infringement and illegally structuring financial transactions.

## CONCLUSION

For the reasons set forth above, the defendant's motion to vacate his sentence on the money laundering charge is hereby granted. The remainder of the defendant's motion is denied.

SO ORDERED.