65 F.3d 169
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Randy BROOKING, Defendant-Appellant.
 No. 94-6572.
 United States Court of Appeals, Sixth Circuit.
 Aug. 28, 1995.
 
 Before: RYAN, BATCHELDER, and MOORE, Circuit Judges.
 BATCHELDER, Circuit Judge.
 
 
 1
 Defendant-appellant, Randy Brooking, appeals the district court's order denying his Motion for Withdrawal of Plea of Guilty. We affirm.
 
 I.
 
 2
 Appellant was indicted on January 6, 1994, on a single count of bank robbery to which he pled guilty on April 20, 1994. While in the Franklin County Jail awaiting sentencing, appellant was evaluated by Elizabeth Fee, an independent licensed clinical social worker, because of appellant's erratic behavior and claims that he was suffering auditory hallucinations in the form of the voice of his deceased friend "Danny."
 
 
 3
 From July 11, 1994 to August 24, 1994, as a result of his counsel's filing a motion for a determination of competency, appellant was incarcerated at the Federal Correctional Institute in Butner, North Carolina. There he was evaluated and treated by Dr. Ralph Newman, who found that appellant suffered from a mental disease or defect, but was competent for sentencing purposes.
 
 
 4
 On September 23, 1994, the court granted appellant's motions for continuance of sentencing, for an evidentiary hearing to determine competency, and for authorization to hire psychiatric services. On November 4, 1994, Dr. Phillip Johnson evaluated appellant.
 
 
 5
 On November 17, 1994, appellant moved to withdraw his guilty plea, alleging that at the time of his plea, he was mentally ill and not competent to plead guilty. The court held a competency hearing on November 22, 1994, at which it heard testimony from Dr. Johnson, Ms. Fee and Dr. Newman. The court ruled that the guilty plea was competent, but that appellant was currently suffering from a mental defect warranting commitment to a hospital in lieu of incarceration.
 
 II.
 
 6
 Prior to sentencing, a court may permit a defendant to withdraw his guilty plea for any "fair and just reason." Fed.R.Crim.P. 32(e). We review for abuse of discretion the district court's denial of appellant's Motion for Withdrawal of Plea of Guilty. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987).
 
 A.
 
 7
 A guilty plea must be competent, knowing and voluntary. See Godinez v. Moran, 113 S.Ct. 2680 (1993). The competency standard for pleading guilty is identical to that for standing trial: "[w]hether the defendant has 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against him.' " Id. at 2685 (quoting Dusky v. United States, 362 U.S. 402 (1960)). The guilty plea, which constitutes a waiver of constitutional rights, is knowing and voluntary if the defendant "actually does understand the significance and consequences of a particular decision and whether the decision is uncoerced." Id. at 2687 n. 12.
 
 
 8
 The record supports the district court's finding that appellant was competent when he made his plea and that his plea was knowing and voluntary. Although appellant contends that his plea was coerced by "Danny," the record contains no evidence contemporaneous with the entering of the guilty plea that appellant had experienced or was experiencing auditory hallucinations at that time; indeed the only evidence of hallucinations before or during the plea proceedings is Dr. Johnson's testimony at the competency hearing that appellant claimed, some six months after his guilty plea, that "Danny" had told him to plead guilty. From the district court's statements at the conclusion of the competency hearing, it is apparent that the court found that either appellant's mental condition had deteriorated after the plea or appellant was malingering, but that appellant was not incompetent at the time of the plea hearing. The meager and subjective evidence in this record does not require the court to find that appellant's plea was in fact coerced by the auditory hallucination.
 
 B.
 
 9
 In denying appellant's Motion for Withdrawal of Plea of Guilty, the district court emphasized that appellant had not mentioned his auditory hallucinations at the time of his plea and that at the competency hearing defendant "was not the same person" in appearance or actions as he had been when he entered the plea. Appellant argues that this statement demonstrates that the district court did not give "ample consideration" to the psychological evidence, but rather based his decision on appellant's appearance at his plea and competency hearings. This claim is without merit. The district court's statement simply reflects that the court had assessed the competency of appellant and the voluntariness of his guilty plea, appropriately taking into account appellant's actions and appearance.
 
 C.
 
 10
 Citing United States v. Masthers, 539 F.2d 721 (D.C.Cir.1976),[1] appellant also argues that Fed.R.Crim.P. 11 failed adequately to protect this defendant, who suffers from an illness not clearly manifested in his outward appearance. This claim is meritless. The district court made the appropriate Rule 11 inquiry, ordered an examination and report when informed of appellant's erratic behavior in prison, and held a hearing on appellant's mental competency to re-examine the events surrounding appellant's plea. Rule 11 and the court's subsequent actions adequately protected this appellant.
 
 D.
 
 11
 Appellant's plea was competent, knowing and voluntary, and we conclude that the district court did not abuse its discretion in refusing to permit withdrawal of that plea. In Spencer, this Court set forth the criteria for determining whether withdrawal of a plea is "fair and just," and we find that a majority of those factors support the district court's denial of the motion to withdraw the plea. Spencer, 836 F.2d at 239-40. First, appellant made his motion over seven months after he entered his plea. Courts look more favorably on motions that are made immediately after the entry of the plea because the short span of time often indicates that the plea was entered in haste and confusion. United States v. Carr, 740 F.2d 339, 344 (5th Cir.1984), cert. denied, 471 U.S. 1004 (1985). Second, the district court properly deduced that the grounds for withdrawal of the plea were not made known to the court earlier because appellant either did not hear "Danny" before the plea or invented "Danny" for secondary gain. Third, appellant has admitted his guilt in terms of his physical participation in the offense. Finally, although the parties dispute whether the government would have suffered prejudice, a showing of prejudice is not mandatory under the circumstances of this case since the defendant has not advanced and established a fair and just reason for allowing the plea withdrawal. See Spencer, 836 F.2d at 240.
 
 III.
 
 12
 The order of the district court is AFFIRMED.
 
 
 
 [1]
 "[I]t is apparent that the standard Rule 11 colloquy may prove an inadequate measure of the validity of a plea proffered by a defendant of questionable mental competence." Masthers, 539 F.2d at 728-29