91 F.3d 144
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Monoteus T. BROWN, Defendant-Appellant.
 No. 95-5980.
 United States Court of Appeals, Sixth Circuit.
 July 2, 1996.
 
 Before: BROWN, KENNEDY, and NELSON, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant Monoteus T. Brown appeals his conviction and sentence for possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1). Defendant claims the District Court erred in denying his suppression motion and his motion to withdraw his guilty plea and in refusing to depart downward to reflect the disparity between sentences for crack and those for cocaine. For the following reasons, we affirm.
 
 
 2
 * On April 21, 1993, Demetrius Antonio Gary accused defendant of aggravated assault after Gary was shot in a housing project in Memphis, Tennessee. Gary reported the incident to the Memphis Police Department, and, on May 4, 1993, called the police to report that he had seen defendant in the vicinity and that he feared defendant would again shoot him. Officer Terry Landrum interviewed Gary, who told Landrum that defendant was driving an Oldsmobile 88 and had a .38 calibre pistol in the car. Landrum stopped a car matching Gary's description that in fact was being driven by defendant. At the time defendant was stopped, his car was parked in a traffic lane.
 
 
 3
 Officer Landrum arrested defendant for aggravated assault and placed defendant in his squad car. Because defendant's car was not legally parked at the time of his arrest, police procedure dictated that it be towed from the scene. While conducting an inventory search of the car before releasing it to the tow truck driver, Landrum found approximately 67 grams of crack cocaine in the trunk. Defendant's car was impounded, and defendant made a statement relating to the crack cocaine.
 
 
 4
 On July 23, 1993, defendant filed a motion to suppress both the evidence seized by Officer Landrum and the statements he made after his arrest. The District Court denied defendant's motion on April 14, 1994. On July 25, 1994, defendant pled guilty while reserving his right to appeal the District Court's denial of his suppression motion.
 
 
 5
 After a presentence report indicated that defendant's score on an intelligence test at one time may have placed defendant in the retarded range, defendant filed a motion for a psychiatric examination. Dr. John Hutson, who conducted the evaluation, noted that "[a]lthough [he] did not formally evaluate [defendant's] competency as [defendant] had pled guilty on the present charges, given [defendant's] intellectual limitations, ... there may be some legitimate concerns about his competency."
 
 
 6
 Defendant subsequently filed a motion to withdraw his plea and sought a competency hearing. The District Court did not permit defendant to withdraw his plea, but did order that a psychiatric evaluation be performed. A Dr. Emily Fallis, a psychiatrist, examined defendant and found him to be competent to enter a guilty plea. At a joint sentencing and competency hearing, the District Court held that defendant was competent to enter the guilty plea and then sentenced him to 120 months of incarceration followed by five years of supervised release. Defendant filed a timely notice of appeal.
 
 II
 
 7
 Defendant first argues that the District Court erred in denying his suppression motion when Officer Landrum searched the trunk of his car without probable cause and without first obtaining a warrant. When reviewing a district court's denial of a motion to suppress evidence, we review the district court's findings of fact for clear error and its legal conclusions de novo. United States v. Dotson, 49 F.3d 227, 229 (6th Cir.), cert. denied, 116 S.Ct. 141 (1995).
 
 
 8
 In Colorado v. Bertine, 479 U.S. 367 (1987), the Supreme Court held that inventory searches are a well-defined exception to the warrant requirement of the Fourth Amendment. An inventory search of an impounded vehicle must be performed pursuant to standardized police procedures and must be based on something other than suspicion of evidence of criminal activity. Bertine, 479 U.S. at 375-76.
 
 
 9
 Under Memphis Police Department policy, when an officer arrests a defendant, and the defendant's car is not needed as evidence,
 
 
 10
 [i]f a vehicle cannot be legally parked, left on private property, or released to a third party, then the vehicle should be towed to Vehicle Storage.
 
 
 11
 Here, the District Court accepted Officer Landrum's testimony that defendant's car was stopped in a traffic lane and thus not legally parked. Accordingly, the Officer followed MPD policy by having the car impounded. As defendant points to no evidence to suggest that the District Court's finding that Officer Landrum's inventory search complied with standard procedure was clearly erroneous, we conclude that the District Court properly denied defendant's suppression motion.
 
 B
 
 12
 Defendant next argues that the District Court erred in denying his request to withdraw his guilty plea when he was not competent to enter such a plea in the first instance. We review a district court's denial of a defendant's motion to withdraw his guilty plea for abuse of discretion. United States v. Spencer, 836 F.2d 236, 238 (6th Cir.1987). We review a district court's finding that a defendant is competent for clear error. United States v. Frank, 956 F.2d 872, 874 (9th Cir.1991), cert. denied, 506 U.S. 932 (1992).
 
 
 13
 Defendant acknowledges that Dr. Fallis found him competent to know the charges, his possible sentence, and the consequences of various pleas. Defendant argues that evidence in the record conflicts with the report's conclusions and that the District Court's determination regarding his competency was clearly erroneous. Defendant notes that he failed to cooperate with his evaluators, that he failed to give full effort when tested, that he was called a manipulative liar by his evaluator, and that he had IQ scores in the range of 57 to 59.
 
 
 14
 Although Dr. Hutson expressed concern about defendant's competency, Dr. Hutson acknowledged that he had not formally conducted a competency evaluation. Apart from Dr. Huston's concerns, there is nothing in the record to indicate that defendant's IQ range and behavior render him incompetent to enter a guilty plea. The District Court carefully considered defendant's competency: the Court considered the report from Dr. Fallis, the extensive colloquy between the Court and defendant during the change of plea hearing regarding defendant's understanding of the proceedings, the testimony of Officer Henry Williams regarding Brown's attempts to cooperate with the police after his arrest, and Brown's general demeanor and conversation in the courtroom. Defendant has not shown that the District Court's conclusion was clearly erroneous.
 
 
 15
 Having found defendant competent, the District Court applied the factors in Spencer, 836 F.2d at 238-40, to determine whether there was any basis for withdrawal of the guilty plea. Since there was a considerable period of time between the entry of the plea and the motion to withdraw, defendant was asserting incompetence, not innocence, defendant had entered a knowing and voluntary guilty plea, and permitting defendant to withdraw the plea would result in prejudice to the government, the District Court was within its discretion to deny defendant's request to withdraw his guilty plea.
 
 C
 
 16
 Finally, defendant argues that the District Court erred in refusing to depart downward to reflect the disparity in sentences for crack versus sentences for cocaine. In United States v. Pickett, 941 F.2d 411 (6th Cir.1991), this Court rejected such a claim. Thus the District Court did not err in refusing to make the downward departure defendant requested.
 
 III
 
 17
 For these reasons, the judgment of the District Court is AFFIRMED.