# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**v.) No. 23-534** (Mingo County CC-30-2021-F-50)

**Donald Workman,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Donald Workman appeals the Circuit Court of Mingo County's denial of his motion to withdraw his guilty plea prior to sentencing, as set forth in the court's resentencing order entered on August 21, 2023.[1] Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

On March 31, 2021, prior to a pretrial hearing, the petitioner pled guilty to two counts of third-degree sexual assault and two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust. In exchange, the State agreed to dismiss six counts of other sexual offenses and recommend an effective sentence of eleven to twenty-five years of imprisonment. Along with the written plea agreement, the petitioner submitted a statement in support of his guilty plea, in which he agreed that he (1) had not been threatened or coerced into entering the plea, (2) understood the consequences of his plea, (3) had discussed the case fully with his attorney and girlfriend, and (4) had no complaints about his attorney and was completely satisfied with his representation.

The circuit court held a hearing to address the petitioner's plea, and, during the hearing, the petitioner confirmed that he was entering the plea voluntarily, that he was not coerced or threatened into entering the plea, and that he believed himself to be guilty. When asked to provide a factual basis for the plea, the petitioner, through questioning by the State, confirmed that he vaginally penetrated the minor victim in his custody on at least two occasions and performed oral sex on her on other occasions. Following the plea colloquy, the circuit court accepted the

---

[1] The petitioner is represented by counsel Edward L. Bullman. The State of West Virginia is represented by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

petitioner's guilty plea; found that he understood and waived his rights; and found that he knowingly, intelligently, and voluntarily entered into his guilty plea.

In May 2021, the circuit court held a sentencing hearing at which the petitioner's retained counsel advised the court that the petitioner wished to relieve her as counsel and withdraw his guilty plea, claiming that he did not understand what he had pled to or the ramifications of entering the plea.[2] The court granted the petitioner's request to relieve his counsel and gave the petitioner thirty days to obtain new counsel and file a motion to withdraw his guilty plea.

The petitioner subsequently retained new counsel. This created a conflict of interest with the current judge and required the special appointment of a new judge to handle the remainder of the case. At a subsequent status hearing, the petitioner's new counsel confirmed the petitioner's desire to withdraw his guilty plea. The circuit court directed the petitioner to file his motion within four days, and counsel did so four days later on July 16, 2021, arguing that (1) the petitioner had not had the opportunity to review any of the State's evidence until after entering his guilty plea, and, after doing so, he promptly moved to withdraw his plea; (2) his prior counsel had advised him that he had no choice but to plead guilty in light of the potential sentence he could receive; (3) his prior counsel failed to adequately prepare a defense or interview the petitioner's witnesses for his upcoming trial, which was scheduled for one week after the plea hearing; and (4) he had maintained his innocence prior to and after the entry of his guilty plea. The State filed a response opposing the motion.

The court held a hearing on this motion in August 2021, and the petitioner's counsel reiterated the petitioner's arguments in support of the motion. The State offered arguments opposing the motion, stating that the petitioner's plea was voluntary and procedurally proper, and that the petitioner had acknowledged his guilt at the plea hearing. The court continued the case to permit its review of the transcripts from the prior hearings before issuing its ruling on the petitioner's motion. The court subsequently reconvened the hearing, and, as it was in the midst of issuing its ruling, the petitioner requested leave to provide evidence in support of his motion to withdraw his plea, including three videos taken by the victim which, according to the petitioner, depicted her recanting the allegations made against the petitioner. The petitioner further supplemented the record with his own testimony, indicating that he had not seen the State's evidence prior to entering the plea and that he had informed his prior counsel that he did not want to enter the plea because he was innocent. The petitioner acknowledged that he was aware of the existence of one of the victim's recantation videos at the time of his guilty plea but stated that he nevertheless pled guilty because he "felt that [he] did not have a choice."

On October 7, 2021, the court entered an order denying the petitioner's motion to withdraw his guilty plea. In doing so, the court addressed the relevant factors to be considered in ruling on a motion to withdraw a guilty plea prior to sentencing and found that the motion was untimely filed and that the petitioner had offered little justification for the delay. The court further found that the petitioner did not maintain his innocence throughout the plea proceedings by virtue of voluntarily pleading guilty; he failed to present any evidence of his innocence at the time of the initial hearing on the petitioner's motion to withdraw and submitted evidence only after the court had already

_____

[2] Petitioner had fired his appointed counsel earlier prior to entering his plea.

taken the matter under advisement; the evidence presented in support of his claim of innocence was not enough to "tip the scale" in the petitioner's favor; and the petitioner could not establish that his plea was involuntary. Accordingly, the circuit court sentenced the petitioner to a term of eleven to twenty-five years of imprisonment on January 11, 2022, but resentenced him on August 21, 2023, for the purposes of appeal.

On appeal, the petitioner argues that the circuit court abused its discretion in denying his motion to withdraw his plea. The petitioner claims that he felt pressured into accepting a plea, had not reviewed the State's evidence prior to entering the plea, and did not understand what he was pleading to or the ramifications of his plea. The petitioner asserts that he timely made the motion to withdraw his guilty plea prior to sentencing and maintained his innocence throughout the proceedings. He also contends that the videos created by the victim further warranted withdrawal of his plea because they depict her recanting the allegations and are sufficient to show that the accusations against him were false.

Rule 32(e) of the West Virginia Rules of Criminal Procedure provides that "[i]f a motion for withdrawal of a plea of guilty or nolo contendere is made before sentence is imposed, the court may permit withdrawal of the plea if the defendant shows any fair and just reason." However, "a defendant has no absolute right to withdraw a guilty plea before sentencing," and a circuit court's decision on a motion to withdraw a guilty plea prior to sentencing "will be disturbed only if the court has abused its discretion." Syl. Pt. 1, in part, *State v. Page*, No. 23-469, 2026 WL 1382897, ___ W. Va. ___, ___ S.E.2d. ___ (May 18, 2026). When a defendant is requesting to withdraw his plea prior to sentencing, the court

> should consider the totality of the circumstances and this non-exhaustive list of factors: (1) whether the defendant knowingly and voluntarily pleaded guilty; (2) whether the defendant asserts innocence; (3) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (4) whether the defendant received competent assistance of counsel in making the decision to plead guilty; (5) potential prejudice to the government, including whether the government opposes the motion to withdraw; and (6) whether withdrawing the plea will waste judicial resources. No one factor controls and the relevance of each factor will vary according to the circumstances surrounding the entry of the plea and the motion to withdraw.

*Id.* at *1, ___ W. Va. at ___, ___ S.E.2d at ___, slip op. at i-ii, Syl. Pt. 4, in part. Furthermore, when a defendant is specifically requesting to withdraw his plea upon an assertion of innocence, as was the case here, the court

> should consider the length of time between the entry of the guilty plea and the filing of the motion to withdraw, why the grounds for withdrawal were not presented to the court at an earlier point in the proceedings, whether the defendant maintained his innocence throughout the plea proceedings, whether the State's case will be prejudiced, and whether the defendant has articulated some ground in support of his claim of innocence.

Syl. Pt. 3, in part, *Duncil v. Kaufman*, 183 W. Va. 175, 394 S.E.2d 870 (1990).

Upon our review, we find no abuse of discretion in the circuit court's decision to deny the petitioner's motion to withdraw his guilty plea. The circuit court thoroughly addressed the requisite factors and ultimately concluded that the petitioner failed to demonstrate a fair and just reason to withdraw his plea. Here, the circuit court noted the petitioner waited nearly 50 days before notifying the court that he wished to withdraw his plea and approximately 100 days before he filed a written motion—circumstances that have been found untimely in similar situations. *See Duncil*, 183 W. Va. at 179, 394 S.E.2d at 874 (finding no abuse of discretion where a circuit court denied a motion to withdraw a plea filed two months after entering the plea). Further, the court found that the petitioner offered little justification for the delay between noticing his intent to file a motion to withdraw and actually doing so. The circuit court acknowledged that the petitioner cited retaining new counsel as a factor in the delay but noted that the petitioner played a significant role in that delay by firing both appointed counsel and retained counsel, and, even after retaining new counsel, he still waited another month and a half to file the motion to withdraw his guilty plea.

The circuit court additionally found that the petitioner had not maintained his innocence throughout the proceedings because he, in fact, pled guilty. During the plea colloquy, the petitioner stated that he was entering the plea because he was guilty, had not been coerced into entering the plea, understood the consequences of his plea, and had discussed the plea with his counsel and his girlfriend. Lastly, the circuit court found that the evidence presented by the petitioner in support of his innocence did not "tip the scale" in his favor. The court concluded that the "untimely presentation of [the victim's] videos weighs against" the petitioner, particularly given that he knew of at least one of the videos at the time he pled guilty. As this Court has previously noted, "[w]here a defendant is aware of the condition or reason for a plea withdrawal, at the time his plea is entered [*e.g.,* he is innocent], a case for withdrawal is weaker." *Id*. at 179, 394 S.E.2d at 874 (quoting *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir. 1987)). Accordingly, in light of the foregoing, we find no abuse of discretion in the circuit court's decision to deny the petitioner's motion to withdraw his guilty plea, as the petitioner failed to demonstrate a "fair and just reason" to support the withdrawal of his plea.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 1, 2026

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III

4