UNITED STATES of America, Plaintiff–Appellee,

v.

Antonio POOLE, Defendant–Appellant.

No. 99–5206.

United States Court of Appeals, Sixth Circuit.

Jan. 17, 2001.

she was overlooked for coveted first shift positions.

Before NORRIS and CLAY, Circuit Judges, and ROSEN,* District Judge.

CLAY, Circuit Judge.

Defendant. Antonio Poole, appeals from the orders of the district court denying Defendant's motion to withdraw his plea of guilty to four federal charges of drug and firearm possession, and sentencing Defendant to one hundred eighty-six (186) months of imprisonment based on the plea of guilty to those charges. Defendant asserts that under Federal Rule of Criminal Procedure 32(e), he had shown a "fair and just reason" for the district court to permit withdrawal of his guilty plea. For the reasons set forth below, we AFFIRM the district court's orders.

## BACKGROUND

On May 21, 1998, a federal grand jury returned a seven-count indictment against Defendant and co-defendant Griffith Cox. Defendant was charged in counts one, two, three and five of the indictment, listed as follows: (1) possession and intention to distribute marijuana in violation of 21 U.S.C. § 841(a)(1); (2) carrying and using a firearm in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c); (3) possession of an unregistered firearm in violation of 26 U.S.C. § 5861(d); and (5) being a convicted felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

On June 8, 1998. Defendant was ordered detained pending trial. Defendant was arraigned on June 24, 1998, and entered a plea of not guilty. At a change of plea hearing on August 28, 1998, Defendant attempted to enter a guilty plea as to counts one, two, three and five. The district court accepted the guilty plea only as to counts one and two, and reset the matter, on the request of Defendant's attorney. On August 31, 1998, a continuation of the change of plea hearing was held, at which the district court accepted Defendant's guilty plea as to charges one, two, three and five.

On September 3, 1998, the district court entered an order on the Defendant's change of plea to guilty to counts one, two, three and five. Subsequent to the change of plea, the probation office prepared a presentence report which was completed on October 13, 1998. Defendant filed an objection to the presentence report. In December of 1998. Defendant filed three similar *pro se* motions to withdraw his plea and for substitute counsel. The government did not respond to Defendant's motions as the government had not been served with copies by Defendant. On January 12, 1999, the district court entered an

* The Honorable Gerald E. Rosen, United States District Judge for the Eastern District of Michigan, sitting by designation.

order denying Defendant's motions. At the sentencing hearing, on January 25, 1999, counsel for Defendant made an oral motion to withdraw from the case due to difficulty communicating with Defendant, but continued representing Defendant at the district court's suggestion. The sentencing hearing was reset for January 29, 1999. On January 29, 1999. Defendant was sentenced to sixty-six months of imprisonment on counts three and five and sixty months on count one, each to run concurrently, and one hundred twenty months on count two, to run consecutively to the other amounts, for a total of one hundred eighty-six (186) months of imprisonment. Defendant appeals from the January 12 and January 29, 1999, orders pursuant to 28 U.S.C. § 1291.

## Facts

On April 19, 1998, Shelby County Sheriff's Department Narcotics Unit officers set up an undercover drug operation. Co-defendant Cox was to meet an informant in the parking lot of a She by County restaurant and the informant was to sell Cox approximately fifteen pounds of marijuana. Defendant and Cox drove to the parking lot together. Informant and an undercover police officer waited in the pickup truck for Cox. Cox walked over to the pickup truck, while Defendant waited in the driver's seat of the car. Informant got out of the truck. Cox and informant walked to the rear of the truck. Informant indicated that the bag of marijuana was in the back of the truck, at which time Cox pulled a .38 caliber revolver from his pants, pointed the gun at informant, and informant fell to the ground. Cox grabbed the bag of marijuana, ran across the parking lot, jumped into the car with Defendant, who then drove away. A short chase began. Defendant and Cox were soon surrounded by undercover police vehicles. Defendant and Cox ran in separate di-

rections, and were apprehended shortly thereafter. Cox was found to be in possession of the .38 caliber revolver. A .12 gauge Winchester shotgun was found on the front passenger seat of the car which Defendant was driving. The shotgun had not been registered to either Defendant or Cox.

At the change of plea hearing. Defendant indicated he wished to plead guilty to charges one, two, three and five of the indictment. The district court advised Defendant of the sentences the charges against him may carry. The district court also discussed the Sentencing Guidelines with Defendant, and confirmed that Defendant had discussed with counsel how the Sentencing Guidelines apply to his case. The district court then advised Defendant of his right to plead not guilty and his right to a trial by jury. When Defendant appeared confused as to what the law required to show possession of the shotgun, the district court announced that it would not accept a guilty plea as to counts three and five, and reset the hearing for August 31, 1998. At that hearing, Defendant's counsel explained that Defendant had constructive possession of the shotgun when it was on the front passenger seat of his car. The district court then accepted Defendant's plea of guilty to counts one, two, three and five.

Defendant's *pro se* motions to withdraw plea asserted that Defendant was not adequately informed of all consequences to his guilty plea and that the government would have dropped count one and may have moved for a downward departure in exchange for Defendant's testimony against Cox. The district court denied the motions, finding that Defendant had not provided any factual basis for his assertion that counsel had not fully and adequately represented him. The district court also noted that Defendant had not shown any in-

terest in withdrawing his plea until after the presentence report, with its sentencing guidelines calculations, was made known to him.

## DISCUSSION

■ We review a district court's decision denying a motion to withdraw a guilty plea for abuse of discretion. *See United States v. Pluta*, 144 F.3d 968, 973 (6th Cir.1998). Federal Rule of Criminal Procedure 32(e) provides in part: "[i]f a motion to withdraw a plea of guilty or nolo contendre is made before sentence is imposed, the court may permit the plea to be withdrawn if the defendant shows any fair and just reason." The defendant has the burden of proving the existence of a "fair and just reason" supporting the withdrawal of his or her guilty plea. *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir.1996).

■ This Court considers seven factors when deciding whether a defendant has demonstrated a "fair and just reason" supporting withdrawal of his or her guilty plea: (1) the amount of time that elapsed between the plea and the motion to withdraw; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained his innocence; (4) the circumstances underlying the entry of the guilty plea; (5) defendant's nature and background; (6) the degree to which defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted. *Pluta*, 144 F.3d at 973.

■ Defendant entered his guilty plea on August 31, 1998. Defendant's first *pro se* motion asking to withdraw his plea was filed on December 10, 1998, over one hundred days after the entry of his plea. This Court has sustained denials of motions to withdraw guilty pleas on the basis of delays shorter than one hundred days. *See United States v. Baez*, 87 F.3d 805, 808 (6th Cir.1996) (sixty-seven day delay); *United States v. Goldberg*, 862 F.2d 101, 104 (6th Cir.1988) (fifty-five day delay); *United States v. Spencer*, 836 F.2d 236, 239 (6th Cir.1987) (thirty-five day delay).

In *Baez*, this Court noted, "[t]he strongest factors supporting the district court's ruling are the sixty-seven day delay between the motion and the plea, and [defendant's] failure to justify this extensive delay." *Baez*, 87 F.3d at 808. In this case, the district court noted, "it appears that [Defendant's] desire to withdraw his plea was not made known to the court until after the presentence report, with its guidelines calculations, was made known to [Defendant]." (J.A. at 59.) The potential for tactically-motivated plea withdrawals gives rise to the stated court preference for motions filed with limited delay. "[T]he aim of the [fair and just reason for withdrawal] rule is to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty." *United States v. Alexander*, 948 F.2d 1002, 1003 (6th Cir.1991), *cert. denied*, 502 U.S. 1117, 112 S.Ct. 1231, 117 L.Ed.2d 465 (1992). Further, "[t]he shorter the delay, the more likely a motion to withdraw will be granted, and a defendant's reasons for filing such a motion will be more closely scrutinized when he has delayed his motion for a substantial length of time." *United States v. Triplett*, 828 F.2d 1195, 1197 (6th Cir.1987).

Defendant asserts that his delay was mitigated by his detention and need to file his request *pro se*. However, Defendant had court-appointed counsel. Defendant

claims that his limited communication with his counsel, combined with telephone restrictions at the correctional facility where he was detained, made it necessary for Defendant to file his motion *pro se.* At the August 31, 1998 change of plea hearing. Defendant testified that he was fully satisfied with his counsel. However, Defendant also maintained that his counsel had not come out to see him at the correctional facility in Mason, Tennessee. Counsel maintained that he had met with Defendant twice prior to the change of plea hearing, but not since order on arraignment was entered on June 24, 1998. Following the hearing, Defendant's December 10, 1998 *pro se* motion alleged that counsel had failed to fully inform Defendant of the potential consequences of his guilty plea.

At the change of plea hearing, the court asked Defendant:

Do you know [that] if [counsel] ... has made an estimate or a judgement about [what the] sentence range is going to be, that it is not binding on the Court. I will have to make the decision based on the way I see the law, or the way I understand the law. And if I decide that the Guideline range is different from what [counsel] ... may have told you, then you will be bound by my decision. Do you understand that?

(J.A. at 74.) Defendant responded that he understood. While Defendant did voice discontent with counsel's performance at the pre-trial hearing, the court specifically instructed Defendant on the precise issue which ultimately became Defendant's primary objection: the unreliability of any sentencing predictions by counsel. Further, detention is not an uncommon obstacle for defendants seeking to withdraw a guilty plea.

Next. Defendant argues that the district court's initial refusal to accept his guilty plea as to possession of the shotgun indicates that Defendant had asserted and maintained his innocence. Defendant's claim that the district court recognized such an assertion of innocence in its January 12, 1999 order on motions to withdraw pleas is inaccurate. The district court recognized Defendant's assertion of innocence in connection with Defendant's *pro se* motions, not with Defendant's earlier testimony on possession of the shotgun. The district court's initial refusal to accept Defendant's guilty plea was not based on Defendant's assertion of innocence, but rather on Defendant's confusion over the legal requirements for possession. Defendant did consistently maintain at the change of plea hearing that the shotgun belonged to co-defendant Cox. Specifically, Defendant stated, "I can't say [the shotgun] was there for me to us[e], but it was there to protect us if something went wrong." (J.A. at 99.) However, as Defendant's counsel noted, such a position is consistent with constructive possession under federal law. "Constructive possession exists when a person does not have actual possession but instead knowingly has the power and the intention at a given time to exercise dominion and control over an object, either directly or through others." *United States v. Kincaide,* 145 F.3d 771, 782 (6th Cir.1998) (citations omitted).

Regarding Defendant's prior experience with the criminal justice system, Defendant characterizes his guilty plea as an initial foray into the federal criminal justice and sentencing guidelines system. However, Defendant's twenty-one criminal history points, which reflect numerous criminal convictions and easily place him in the highest criminal history category of VI, cast doubt on Defendant's claim to being new to such tasks as making a plea before a court. Finally, the government need not establish prejudice unless and until Defendant establishes a fair and just

reason for allowing the plea withdrawal. *See United States v. Spencer*, 836 F.2d 236, 240 (6th Cir.1987).

Of the above factors, only Defendant's lackluster assertion of innocence as to possession of the shotgun and his express discontent with counsel warrant close review. However, Defendant's admission that "I can't say [the shotgun] was there for me to us[e], but it was there to protect us if something went wrong" does not have the ring of an impassioned assertion of innocence from constructive possession of the shotgun. Further, as noted above, the district court's clarification that a guilty plea would not necessarily produce a sentence anticipated by counsel lessens the possibility that Defendant's plea was made with an unsure heart and a confused mind.

Because the burden on a defendant attempting to withdraw a guilty plea is a "heavy one" which is only met in "extraordinary cases", *Spencer*, 836 F.2d at 240, and because courts more closely scrutinize motions to withdraw guilty pleas which follow significant delays and potential review of presentence reports. *Triplett*, 828 F.2d at 1197, the district court did not abuse its discretion in denying Defendant's motion to withdraw plea. While Defendant did voice discontent with counsel's performance at the change of plea hearing, Defendant also voiced overall satisfaction with counsel's performance as well as understanding the court's clarification that his ultimate sentence may not reflect what counsel may have anticipated. Further, the district court's resetting of Defendant's change of plea hearing was a response to Defendant's initial confusion over the legal requirements for constructive possession under federal law, not Defendant's impassioned assertion of innocence.

## CONCLUSION

For the reasons set forth above, the district court orders denying Defendant's motion to withdraw his plea and sentencing Defendant to one hundred eighty-six (186) months of imprisonment are AFFIRMED.